PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Reorganized Debtor. | § § § § § § § § | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., <br><br> Defendant. | § § § § § § § § § § § § | Adversary Proceeding No. <br><br> _____ |

## COMPLAINT FOR (I) BREACH OF CONTRACT AND
## (II) TURNOVER OF PROPERTY OF HIGHLAND'S ESTATE

Plaintiff Highland Capital Management, L.P., the reorganized debtor ("Highland") in the above-captioned chapter 11 case (the "Bankruptcy Case") and the plaintiff (the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"), by its undersigned counsel, files this complaint (the "Complaint") against defendant Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant") and alleges upon knowledge of its own actions and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT[1]

1. Highland brings this action against HCMFA as a result of HCMFA's defaults under two promissory notes executed by HCMFA in favor of Highland in the aggregate original principal amount of $6,300,000 and payable upon Highland's demand. Despite demand having been made, HCMFA has failed to pay amounts due and owing under the Notes and the accrued but unpaid interest thereon.

2. As remedies, Highland seeks (a) damages from HCMFA in an amount equal to (i) the aggregate outstanding principal due under the Notes, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to Highland's costs of collection (including all court costs and reasonable attorneys' fees and expenses, as provided for in the Notes) and (b) turnover by HCMFA to Highland of the foregoing amounts.

## JURISDICTION AND VENUE

3. This Adversary Proceeding arises under and relates to Highland's Bankruptcy Case pending before the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") under chapter 11 of the Bankruptcy Code.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Capitalized terms shall take on the meanings ascribed to them below.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Highland consents to the entry of a final order by the Court in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

7. Highland is a limited liability partnership formed under the laws of Delaware with a business address at 100 Crescent Court, Suite 1850, Dallas, Texas 75201.

8. Upon information and belief, HCMFA is a limited partnership with offices located in Dallas, Texas, and is organized under the laws of the state of Delaware.

## CASE BACKGROUND

9. On October 16, 2019, Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), Case No. 19-12239 (CSS) (the "Highland Bankruptcy Case").

10. On December 4, 2019, the Delaware Court entered an order transferring venue of the Highland Bankruptcy Case to this Court [Docket No. 186].[2]

11. On February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") confirming the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Docket No. 1808] (the "Plan").

---

[2] All docket numbers refer to the main docket for the Highland Bankruptcy Case maintained by this Court.

12. The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

## STATEMENT OF FACTS

### A. The HCMFA Notes

13. HCMFA is the maker under a series of promissory notes in favor of Highland.

14. Specifically, on February 26, 2014, HCMFA executed a promissory note in favor of Highland, as payee, in the original principal amount of $4,000,000 ("HCMFA's First Note"). A true and correct copy of HCMFA's First Note is attached hereto as **Exhibit 1**.

15. HCMFA's First Note was executed in exchange for a contemporaneous transfer from Highland to HCMFA in the amount of $4,000,000 (the "First Payment").

16. On February 26, 2016, HCMFA executed a promissory note in favor of Highland, as payee, in the original principal amount of $2,300,000 ("HCMFA's Second Note", and together with HCMFA's First Note, the "Notes"). A true and correct copy of HCMFA's Second Note is attached hereto as **Exhibit 2.**

17. HCMFA's Second Note was executed in exchange for a contemporaneous transfer from Highland to HCMFA in the amount of $2,300,000 (the "Second Payment", and together with the First Payment, the "Payments").

18. Section 2 of each Note provides: "**Payment of Principal and Interest**. The accrued interest and principal of this Note shall be due and payable on demand of the Payee."

19. Section 4 of each Note provides:

**Acceleration Upon Default**. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other

notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of the Payee in exercising any right, power, or privilege hereunder shall operate as a waiver hereof.

20. Section 6 of each Note provides:

**Attorneys' Fees**. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

B. **Highland Agrees Not to Demand Payment under the Notes Prior to May 31, 2021**

21. On April 15, 2019, James Dondero signed a letter on behalf of both Highland and HCMFA pursuant to which Highland agreed not to demand payment under the Notes prior to May 31, 2021 (the "Acknowledgement Letter") on the ground that "HCMFA expects that it may be unable to repay such amounts should they become due, for the period commencing today and continuing through May 31, 2021." A true and correct copy of the Acknowledgement Letter is attached hereto as **Exhibit 3**.[3]

C. **HCMFA's Default under Each Note**

22. By letter dated June 2, 2021, Highland made demand on HCMFA for payment under the Notes by June 4, 2021 (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit 4**. The Demand Letter provides:

By this letter, Payee is demanding payment of the accrued interest and principal due and payable on the Notes in the aggregate amount of $3,143,181.93, which represents all accrued interest and principal through and including June 4, 2021.

---

[3] On January 22, 2021, Highland commenced a similar adversary proceeding against HCMFA for its default under two other promissory notes. [*See* Adv. Proc. 21-3004, *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate*, Docket No. 1] (the "First Complaint"). The Notes that are the subject of this Complaint were not included in the First Complaint because of the Acknowledgement Letter.

5

**Payment is due on June 4, 2021, and failure to make payment in full on such date will constitute an event of default under the Notes.**

23. Despite Highland's demand, HCMFA did not pay all or any portion of the amounts demanded by Highland on June 4, 2021, or at any time thereafter.

24. As of June 4, 2021, there was an outstanding principal amount of $2,134,166.53 on HCMFA's First Note and accrued but unpaid interest in the amount of $11,288.28, resulting in a total outstanding amount as of that date of $2,145,454.81.

25. As of June 4, 2021, there was an outstanding principal balance of $990,757.62 on HCMFA's Second Note and accrued but unpaid interest in the amount of $6,969.50, resulting in a total outstanding amount as of that date of $997,727.12.

26. Thus, as of June 4, 2021, the total outstanding principal and accrued but unpaid interest due under the Notes was $3,143,181.93

27. Pursuant to Section 4 of each Note, each Note is in default and is currently due and payable.

## FIRST CLAIM FOR RELIEF
### (For Breach of Contract)

28. Highland repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

29. Each Note is a binding and enforceable contract.

30. HCMFA breached each Note by failing to pay all amounts due to Highland upon Highland's demand.

31. Pursuant to each Note, Highland is entitled to damages from HCMFA in an amount equal to (i) the aggregate outstanding principal due under each Note, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to Highland's costs of

collection (including all court costs and reasonable attorneys' fees and expenses) for HCMFA's breach of its obligations under each of the Notes.

32. As a direct and proximate cause of HCMFA's breach of each Note, Highland has suffered damages in the total amount of at least $3,143,181.93 as of June 4, 2021, plus an amount equal to all accrued but unpaid interest from that date, plus Highland's costs of collection.

## SECOND CLAIM FOR RELIEF
(Turnover by HCMFA Pursuant to 11 U.S.C. § 542(b))

33. Highland repeats and re-alleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

34. HCMFA owes Highland an amount equal to (i) the aggregate outstanding principal due under each Note, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to Highland's costs of collection (including all court costs and reasonable attorneys' fees and expenses) for HCMFA's breach of its obligations under each of the Notes.

35. Each Note is property of Highland's estate, and the amounts due under each Note are matured and payable upon demand.

36. HCMFA has not paid the amounts due under the Notes to Highland.

37. Highland has made demand for the turnover of the amounts due under each Note.

38. As of the date of filing of this Complaint, HCMFA has not turned over to Highland all or any of the amounts due under the Notes.

39. Highland is entitled to the turnover of all amounts due under the Notes.

WHEREFORE, Highland prays for judgment as follows:

(i) On its First Claim for Relief, damages in an amount to be determined at trial but including (a) the aggregate outstanding principal due under each Note, plus (b) all accrued and unpaid interest thereon until the date of payment, plus (c) an amount equal to Highland's costs of collection (including all court costs and reasonable attorneys' fees and expenses);

(ii) On its Second Claim for Relief, ordering turnover by HCMFA to Highland of an amount equal to (a) the aggregate outstanding principal due under each Note, plus (b) all accrued and unpaid interest thereon until the date of payment, plus (c) an amount equal to Highland's costs of collection (including all court costs and reasonable attorneys' fees and expenses); and

(iii) Such other and further relief as this Court deems just and proper.

Dated: November 9, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*