# EXHIBIT 2

## PROMISSORY NOTE

$2,300,000.00

February 26, 2016

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, LP. (*"Maker"*) promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP (*"Payee"*), in legal and lawful tender of the United States of America, the principal sum of TWO MILLION, THREE HUNDRED THOUSAND and 00/100 Dollars ($2,300,000.00), together with interest, on the terms set forth below (the *"Note"*). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1. Interest Rate. The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the mid-term *"applicable federal rate"* (2.62%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2. Payment of Principal and Interest. The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3. Prepayment Allowed; Renegotiation Discretionary. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4. Acceleration Upon Default. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5. Waiver. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6. Attorneys' Fees. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.    Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.  The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

MAKER:

_____
JAMES DONDERO