Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re** § | | |
| § | **Case No. 19-34054-sgj11** | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | **Chapter 11** | |
| § | | |
| Debtor. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | | |
| § | | |
| Plaintiff, § | | |
| § | **Adversary No. 21-03082** | |
| v. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.** § § § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant"), the defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. ("HCMLP" or "Plaintiff"), and files this its *Defendant's Original Answer* (the "Answer"), responding to the *Complaint for (I)*

*Breach of Contract and (II) Turnover of Property of Highland's Estate* (the "Complaint"). Where an allegation in the Complaint is not expressly admitted in this Answer, it is denied.

## PRELIMINARY STATEMENT

1. The first sentence of ¶ 1 sets forth the Plaintiff's objective in bringing the Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3. The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional or statutory authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in ¶ 3 not expressly admitted are denied.

4. The Defendant admits that the Court has jurisdiction of this Adversary Proceeding but not authority to enter final orders or judgment. Any allegations in ¶ 4 not expressly admitted are denied.

5. The Defendant denies that a breach of contract claim is core. The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. The Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in ¶ 5 not expressly admitted are denied.

6. The Defendant admits ¶ 6 of the Complaint.

## THE PARTIES

7. The Defendant admits ¶ 7 of the Complaint.

8. The Defendant admits ¶ 8 of the Complaint.

## CASE BACKGROUND

9. The Defendant admits ¶ 9 of the Complaint.

10. The Defendant admits ¶ 10 of the Complaint.

11. The Defendant admits ¶ 11 of the Complaint, subject to the ongoing appeal of the Confirmation Order. In the event the Confirmation Order is reversed, ¶ 11 is denied.

12. The Defendant admits ¶ 12 of the Complaint, subject to the ongoing appeal of the Confirmation Order. In the event the Confirmation Order is reversed, ¶ 12 is denied.

## STATEMENT OF FACTS

### A. The HCMFA Notes

13. The Defendant admits that it has executed at least one promissory note under which the Debtor is the payee. Any allegations in ¶ 13 not expressly admitted are denied.

14. The Defendant admits the allegations in ¶ 14 of the Complaint. The Defendant admits that the attached document appears to be a copy of the referenced note.

15. The Defendant admits the allegations in ¶ 15 of the Complaint.

16. The Defendant admits the allegations in ¶ 16 of the Complaint. The Defendant admits that the attached document appears to be a copy of the referenced note.

17. The Defendant admits the allegations in ¶ 17 of the Complaint.

18. The Defendant admits ¶ 18 of the Complaint.

19. The Defendant denies ¶ 19 of the Complaint. The document speaks for itself and the quote set forth in ¶ 19 is not verbatim.

20. The Defendant admits ¶ 20 of the Complaint.

**B.  Highland Agrees Not to Demand Payment Under the Notes Prior to May 31, 2021**

21. The Defendant admits that James Dondero executed the document attached to the Complaint as Exhibit 3 and the Exhibit 3 is a true and correct copy.  The Defendant admits that the Plaintiff has accurately quoted the second sentence of the letter, which provides, "HCMF expects that it may be unable to repay such amounts should they become due, for the period commencing today and continuing through May 31, 2021."  The Defendant admits that the letter also provides, "HCMLP hereby agrees to not demand payment on amounts owed by HCMF prior to May 31, 2021.  To the extent not expressly admitted, ¶ 21 of the Complaint is denied.

**C.  HCMFA's Default under Each Note**

22. The Defendant admits that Exhibit 4 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent ¶ 22 of the Complaint asserts a legal conclusion, no response is required, and it is denied.  To the extent not expressly admitted, ¶ 22 of the Complaint is denied.

23. To the extent ¶ 23 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied.  The Defendant otherwise admits ¶ 23 of the Complaint.

24. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 24 of the Complaint and therefore denies the same.

25. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 25 of the Complaint and therefore denies the same.

26. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 26 of the Complaint and therefore denies the same.

27. The Defendant denies ¶ 27 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (For Breach of Contract)

28. Paragraph 28 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

29. Paragraph 29 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 31 of the Complaint.

32. The Defendant denies ¶ 32 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover by HCMFA Pursuant to 11 U.S.C. § 542(b))

33. Paragraph 33 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

34. Paragraph 34 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 34 of the Complaint.

35. Paragraph 35 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 35 of the Complaint.

36. The Defendant denies ¶ 36 of the Complaint.

Case 21-03082-sgj Doc 5 Filed 12/10/21    Entered 12/10/21 15:43:41    Page 6 of 8

37. Paragraph 37 of the Complaint states a legal conclusion that does not require a response. The Defendant admits that the Plaintiff transmitted the Demand Letter. To the extent ¶ 37 alleges other facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 37 of the Complaint and therefore denies the same.

38. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 38 of the Complaint and therefore denies the same.

39. Paragraph 39 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 39 of the Complaint.

40. The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including parts (i), (ii), and (iii).

## **AFFIRMATIVE DEFENSES**

41. Plaintiff's claims are barred in whole or in part because, prior to the demands for payment, Plaintiff agreed that it would not collect the Notes upon fulfilment of conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control. The purpose of this agreement was to provide compensation to Mr. Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at HCMLP and in the industry. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant believes there may be testimony or email correspondence that

CORE/3522697.0002/171440718.1

discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

42. Plaintiff pleads ambiguity with respect to the Notes.

43. Due to the fact that the Plaintiff is in control of documents and information relevant to the Notes, Defendant is unable to complete its investigation into potential affirmative defenses. Out of an abundance of caution, Defendant conditionally pleads the following affirmative defenses subject to Defendant's ability to obtain and review relevant documents and information from the Plaintiff: waiver, estoppel, failure of consideration, and prepayment.

## **JURY DEMAND**

44. The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

45. The Defendant does not consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Complaint and provide the Defendant such other relief to which it is entitled.

Dated: December 10, 2021  Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 10th day of December, 2021, a true and correct copy of this document was served electronically via the Court's CM/ECF system on the following recipients:

**Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
Email: zannable@haywardfirm.com

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez