**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**STINSON LLP**
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Highland Capital Management Fund Advisors, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re** § § | **Case No. 19-34054-sgj11** | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | **Chapter 11** | |
| Debtor. § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § § | | |
| Plaintiff, § § | | |
| v. § § | **Adversary No. 21-03082** | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.** § § § § | | |
| Defendant. § | | |

## AGREED MOTION FOR THE ISSUANCE OF A REPORT AND RECOMMENDATION WITHDRAWING THE REFERENCE

COMES NOW Highland Capital Management, L.P., as the reorganized debtor ("Highland" or "Plaintiff"), and Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant", and together with Highland, the "Parties"), by and through their respective undersigned counsel, file this *Agreed Motion for the Issuance of a Report and Recommendation Withdrawing the Reference* (the "Motion") respectfully stating as follows:

On October 16, 2019 (the "Petition Date"), Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

On December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case (the "Bankruptcy Case") to the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court").  On January 22, 2021, Highland filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (as Modified) [Bankr. Docket No. 1808] (the "Plan").

On February 22, 2021, the Bankruptcy Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed Highland's Plan.

On August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan).  *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

On January 22, 2021, Highland commenced a different adversary proceeding involving the same parties (the "First Adversary Proceeding") as this adversary proceeding, Adv. No. 21-03004, but involving different promissory notes. In the First Adversary Proceeding, HCMFA filed *Defendant's Motion to Withdraw the Reference* [Docket No. 20], asking the United States District Court for the Northern District of Texas (the "District Court") to enter an order withdrawing from the Bankruptcy Court the reference of the First Adversary Proceeding. On July 8, 2021, the Bankruptcy Court issued a *Report and Recommendation to District Court Proposing that it (A) Grant Defendant's Motion to Withdraw the Reference at Such Time as Bankruptcy Court Certifies that Action is Trial Ready, and (B) Defer Pretrial Matters to Bankruptcy Court*. [Docket No. 50] (the "First Report and Recommendation").

On September 14, 2021, the District Court, in Civil Action No. 3:21-CV-00881-X, issued an Order accepting the First Report and Recommendation referring the case for pretrial management to the Bankruptcy Court until that Court notifies the District Court that the case is ready for trial, at which time the reference would be withdrawn. [Docket No 14].

On November 9, 2021, Highland commenced this adversary proceeding, involving the same parties as the First Adversary Proceeding, but involving different promissory notes.

On November 10, 2021, the Bankruptcy Court issued its *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 3] (the "Alternative Scheduling Order"). This Adversary Proceeding was automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and District Court Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*.

In light of the foregoing, and to avoid unnecessary motion practice, the Parties jointly request that the Bankruptcy Court issue a report and recommendation substantively the same as

the First Report and Recommendation, including that (a) the District Court refer all pre-trial matters to the Bankruptcy Court and withdraw the reference upon certification by the Bankruptcy Court that the case is trial-ready, and (b) to the extent a dispositive motion is brought that the Bankruptcy Court determines should be granted and would finally dispose of claims in this Adversary Proceeding, the Bankruptcy Court should submit a report and recommendation to the District Court for the District Court to adopt or reject.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Bankruptcy Court: (i) enter an order granting the Motion; (ii) issue a report and recommendation substantively the same as the First Report and Recommendation issued in the First Adversary Proceeding; and (iii) grant such other and further relief the Court deems necessary and just.

RESPECTFULLY SUBMITTED this 18th day of January, 2022.

**STINSON LLP**
*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
michael.aigen@stinson.com

*Counsel for Highland Capital Management Fund Advisors, L.P.*

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and –

**HAYWARD PLLC**
*/s/ Zachery  Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
Zachery Z. Annable
Texas Bar No. 24053075
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110
Email:  MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that, on January 18, 2022, a true and correct copy of this document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notices in this case, including on the Plaintiff through its counsel of record.

                   */s/Deborah Deitsch-Perez*
                   Deborah Deitsch-Perez