PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**



| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § | |
| | § | Adversary Proceeding No. |
| vs. | § | |
| | § | 21-03082-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## HIGHLAND'S NOTICE OF RULE 30(b)(6) DEPOSITION
## TO HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the reorganized debtor[2] ("Highland" or, as may be temporally required, the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), shall take the deposition of Highland Capital Management Fund Advisors, L.P. ("HCMFA") by the person(s) most qualified to testify on HCMFA's behalf with respect to the topics described in **Exhibit A** attached hereto on **April 22, 2022**, commencing at **9:30 a.m. Central Time** or at such other day and time as Highland may agree in writing.  The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime.  Parties who wish to participate

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management*, L.P.*, as modified (the "Plan").  The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date.  *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at

jmorris@pszjlaw.com **no fewer than 48 hours before the start of the deposition** for more

information regarding participating in this deposition remotely.

Dated: April 1, 2022.        **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## EXHIBIT A

## DEFINITIONS

1.     "Answer" means *Defendant's Original Answer*, filed by HCMFA, in Adv. Proc. 21-3082, at Docket No. 5.

2.     "Alleged Agreement" refers to the alleged oral agreement between James Dondero and "Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff," described in paragraph 41 of the Answer.

3.     "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

4.     "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

5.     "Discovery Requests" means *Plaintiff's Requests for Admission, Interrogatories, and Requests for Production Directed to Highland Capital Management Fund Advisors, L.P.*, served on Your counsel by e-mail on January 31, 2022.

6.     "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment,

notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

7.      "Notes" shall have the meaning ascribed to that term in paragraphs 14-16 of the *Complaint for (I) Breach of Contract, (II) Turnover of Property of Highland's Estate*, filed at Adv. Proc. 21-3082, at Docket No. 1.

8.      "You" or "Your" refers to HCMFA, and anyone person or entity authorized to act on behalf of HCMFA.

### Rule 30(b)6) Topics

**Topic No. 1:**

Your Answer.

**Topic No. 2:**

The Alleged Agreement, including but not limited to all facts and circumstances, Communications, and Documents Concerning the Alleged Agreement.

**Topic No. 3:**

Each Affirmative Defense asserted in Your Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning the Affirmative Defenses. *See* Answer ¶¶ 41-43.

**Topic No. 3:**

The Notes, including but not limited to (a) the negotiation of the Notes, (b) the terms of the Notes, (c) Your Communications Concerning the Notes, (d) any payments of principal or interest made by You or on Your behalf with respect to the Notes; (e) Your communications with Your outside auditors Concerning the Notes and the obligations thereunder, (f) Your treatment of the Notes in Your audited financial statements; (g) Your treatment of the Notes in Your books and records, and (h) all agreements Concerning the Note.

**Topic No. 4:**

Your responses to the Discovery Requests.

DOCS_NY:45390.1 36027/005