BTXN 138 (rev. 03/15)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: <br> Highland Capital Management, L.P. <br> Debtor(s) | § § § § § | Case No.:   19–34054–sgj11 <br> Chapter No.:   11 |
| Marc Kirschner  et al. <br> Plaintiff(s) <br>   vs. <br> James D. Dondero  et al. <br> Defendant(s) | § § § § § § | Adversary No.:   21–03076–sgj <br><br> Civil Case No.: |
| Marc Kirschner <br> Plaintiff(s) <br>   vs. <br> Mark Okada, et al. <br> Defendant(s) | § § § § § § § § | |

# NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

    One copy of the Motion to Withdraw Reference (USDC Civil Action No. – DNC Case) **NOTE**: A Status Conference has been set for:

    X  One copy of: Report and Recommendation.

☐

**TO ALL ATTORNEYS:** Fed.R.Bankr.P. 5011(a) A motion for withdrawal of a case or proceeding shall be heard by a district judge, [*implied*] that any responses or related papers be filed likewise.

DATED:  1/28/22

FOR THE COURT:
Robert P. Colwell, Clerk of Court

by: /s/Sheniqua Whitaker, Deputy Clerk



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 7, 2022**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT L.P., | § § | CASE NO. 19-34054-SGJ-11 |
| | § | (CHAPTER 11) |
| REORGANIZED DEBTOR. | § | |
| _____ | § | |
| HIGHLAND CAPITAL MANAGEMENT L.P., | § § | |
| | § | ADVERSARY NO. 21-03082 |
| PLAINTIFF, | § | (CIV. ACTION NO. 3:22-cv-00789-K) |
| | § | |
| VS. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § | |
| DEFENDANT. | § | |

**REPORT AND RECOMMENDATION TO DISTRICT COURT PROPOSING THAT IT: (A) GRANT DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE AT SUCH TIME AS BANKRUPTCY COURT CERTIFIES THAT ACTION IS TRIAL READY; AND (B) DEFER PRETRIAL MATTERS TO BANKRUPTCY COURT**

1

## I.  INTRODUCTION

The above-referenced adversary proceeding (the "Adversary Proceeding") is related to the bankruptcy case of Highland Capital Management, L.P. (the "Bankruptcy Case").[1] Highland Capital Management, L.P. (the "Debtor" or "Highland") filed a voluntary Chapter 11 petition on October 16, 2019 in the United States Bankruptcy Court of Delaware. That court subsequently entered an order transferring venue to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court) on December 4, 2019. A Chapter 11 plan was confirmed by the Bankruptcy Court on February 22, 2021. The Chapter 11 plan has been appealed by the Defendant in this action, Highland Capital Management Fund Advisors ("HCMFA-Defendant"), and certain parties related to it. The appeal of the plan is now pending before the Fifth Circuit, but no stay pending appeal has been granted.

On November 9, 2021, the Debtor, as Plaintiff, brought this Adversary Proceeding against HCMFA-Defendant. The Adversary Proceeding pertains to two promissory notes (collectively, the "Notes") executed by HCMFA-Defendant in favor of the Debtor in 2014 and 2016. Each of the Notes were demand notes. On June 2, 2021, the Debtor sent HCMFA-Defendant a letter demanding payment June 4, 2021, as allowed under the terms of the notes, for the total aggregate outstanding amount of $3,143,181.93. Following HCMFA-Defendant's failure to pay on the Notes in response to the demand letter, the Debtor brought this action to collect on the Notes.

Under the United States District Court for the Northern District of Texas' standing order of reference[2], proceedings arising in, or related to, a case under Title 11 are automatically referred to the Bankruptcy Court. The Debtor and HCMFA-Defendant submitted an *Agreed Motion for the*

---

[1] Bankruptcy Case No. 19-34054.
[2] Misc. Order No. 33.

*Issuance of a Report and Recommendation Withdrawing the Reference*[3] (the "Agreed Motion") seeking to have the reference withdrawn, such that this Adversary Proceeding would be adjudicated in the District Court once the lawsuit is trial-ready.

The lawsuit contains the same causes of actions and substantially similar facts to an earlier filed adversary proceeding between the same parties that also involved recovery on two different promissory notes which were not paid by HCMFA-Defendant following a demand made by the Debtor (the "Previous Note Litigation").[4] There, HCMFA-Defendant moved to withdraw the reference, which faced opposition from the Debtor. Ultimately, in the Previous Note Litigation, the Bankruptcy Court issued a report and recommendation suggesting the District Court withdraw the reference, but only at such time as the Bankruptcy Court certified the lawsuit was trial-ready. The report and recommendation in the Previous Note Litigation was accepted by the District Court on September 14, 2021.[5] The parties have requested the Bankruptcy Court submit a report and recommendation that is substantively the same as the one submitted in connection with the Previous Note Litigation in the current Adversary Proceeding. The Bankruptcy Court believes this is an appropriate request.

Accordingly, the Bankruptcy Court submits the following report and recommendation to the District Court, ultimately recommending that the Motion be granted, ***but only at such time as the Bankruptcy Court certifies to the District Court that the lawsuit is trial ready***. The Bankruptcy Court further recommends that the District Court ***defer to the Bankruptcy Court the handling of all pretrial matters***.

## II. NATURE OF THE ADVERSARY PROCEEDING

---

[3] Adversary Case No. 21-03082, Dkt. 12.
[4] Adversary Case No. 21-03004.
[5] Civil Action No. 3:21-CV-00881-X, Dkt. 14.

a. **The Complaint and Procedural History**

The Debtor commenced this Adversary Proceeding by filing its *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Highland's Estate*[6] on November 9, 2021. The Debtor's Complaint asserts two causes of action: (1) a breach of contract claim ("Count 1") and (2) a turnover action under 11 U.S.C. § 542(b) for the amounts owed on the Notes ("Count 2"). The principal amounts and execution dates for each of the two Notes were: (i) $4,000,000, executed February 26, 2014, and (ii) $2,300,000, executed February 26, 2016. The Debtor now seeks monetary damages totaling $3,143,181.93, including accrued but unpaid interest as of June 4, 2021, plus further interest accrued up until payment and cost of collection. Because the Debtor alleges the amounts due on the Notes are property of its estate, it argues that turnover pursuant to 11 U.S.C. § 542(b) is appropriate.

HCMFA-Defendant filed two proofs of claim in the Bankruptcy Case, Proof of Claim Nos. 95 and 119. Proof of Claim No. 95 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a shared services agreement. Proof of Claim No. 119 was based on alleged overpayments made by HCMFA-Defendant to the Debtor under a payroll reimbursement agreement. On October 9, 2020, the Bankruptcy Court entered a *First Supplemental Order Sustaining First Omnibus Claims Objection*[7], which disallowed both of HCMFA-Defendant's proofs of claim. The HCMFA-Defendant filed an application for an administrative expense claim on January 24, 2021, relating to services it alleges the Debtor did not perform under a shared services agreement. The Debtor has since filed an objection to the application and the matter is set for trial on April 12, 2022. The administrative expense claim ***does***

---

[6] Adversary Case No. 21-03082, Dkt. 1.
[7] Bankruptcy Case No. 19-34054, Dkt. 1155.

*not directly relate to the causes of action for collection under the Notes*. Similarly, the disallowed *proofs of claim did not relate to the Notes.*

### III. THE BREACH OF CONTRACT CLAIMS AT THE CENTER OF THE ADVERSARY PROCEEDING ARE NONCORE CLAIMS, AND THE PENDING ADMINISTRATIVE EXPENSE CLAIM OF HCMFA-DEFENDANT IS UNRELATED TO THEM

Permissive withdrawal of the reference is described in 28 U.S.C. § 157(d) as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Bankruptcy Code does not define "cause shown," but the United States Court of Appeal for the Fifth Circuit, interpreting the Supreme Court case of *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*,[8] has identified a number of factors for courts to consider in determining whether permissive withdrawal of the reference is appropriate: (1) whether the matter is core or noncore; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process.[9] Courts in this District have placed an emphasis on the first two factors.[10]

As explained by the Supreme Court in *Stern v. Marshall*, Congress has divided bankruptcy *proceedings* (*i.e.,* adversary proceedings or contested matter within a bankruptcy case)—over which there is bankruptcy subject matter jurisdiction—into three different categories: (a) those that "aris[e] under" Title 11; (b) those that "aris[e] in" a Title 11 case; and (c) those that are "related

---

[8] 458 U.S. 50 (1982).
[9] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).
[10] See *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115-23 (N.D. Tex. 2006).

to" a case under Title 11.[11]  Further, those that arise under Title 11 or arise in a Title 11 case are defined as "core" matters[12] and those that are merely "related to" a Title 11 case are defined as "noncore" matters. The significance of the "core"/"noncore" distinction is that bankruptcy courts may statutorily enter final judgments in "core" proceedings in a bankruptcy case, while in "noncore" proceedings, the bankruptcy courts instead may only (absent consent from all of the parties) submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment. This is the statutory framework collectively set forth in 28 U.S.C. § 1334 and 28 U.S.C. § 157.  But while a proceeding may be "core" in nature, under 28 U.S.C. § 157(b)(2), and the bankruptcy court, therefore, has the *statutory* power to enter a final judgment on the claim under 28 U.S.C. § 157(b)(1), *Stern* instructs that any district court, in evaluating whether a bankruptcy court has the ability to issue final orders and judgments, must resolve not only: (a) whether the bankruptcy court has the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on a particular claim; but also (b) whether the conferring of that authority on an Article I bankruptcy court is *constitutional* (and this turns on whether "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").[13]

With respect to the claims asserted against HCMFA-Defendant, it might be argued that both counts asserted against it are *statutorily* core in nature.[14] While Count 1 is a breach of contract claim for collection of amounts due under promissory notes—one of the simplest forms of a state law lawsuit—it might be argued that Count 1 is statutorily core under the catchall provision of 28

---

[11] 28 U.S.C. § 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473-474 (2011).
[12] *Stern*, 564 U.S. at 473-474.  Core proceedings include, but are not limited to, 16 different types of matters, including "counterclaims by [a debtor's] estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).
[13] *Stern*, 564 U.S. at 499.
[14] 28 U.S.C. § 157(b)(2)(E), (O).

6

U.S.C. § 157(b)(2)(O), as the resolution of the claim would be "affecting the liquidation of the assets of the estate." However, this position would not pass constitutional muster. The cause of action does not stem from the bankruptcy itself (*i.e.,* it stems from alleged defaults on pre-petition notes) and would not be resolved through the claims allowance process (***since no pending proof of claim exists and the administrative expense claim is not directly related to the Notes***). In other words, the resolution of Count 1 is not so inextricably intertwined with the resolution of HCMFA-Defendant's still-remaining administrative expense claim so as to confer constitutional authority on the Bankruptcy Court to enter a final judgment on the breach of contract claims.

Count 2, the turnover cause of action, is brought pursuant to 11 U.S.C. § 542(b) and is listed as statutorily core under 28 U.S.C. § 157(b)(2)(E). If Count 2 were freestanding and the debts due under the Notes were undisputed, it is unrefuted that a turnover action under 11 U.S.C. § 542(b) would be both a statutory and constitutional core claim.

This court views the turnover claim as derivative of the breach of contract claims. The breach of contract claims are clearly non-core, and the Bankruptcy Court lacks constitutional authority to confer jurisdiction over them (absent consent—which does not exist here). A turnover action under 11 U.S.C. § 542(b) cannot be tacked onto a complaint so as to confer authority in the Bankruptcy Court to adjudicate an otherwise non-core claim. To hold otherwise would run counter to the dictates of the Supreme Court in *Marathon*.

In summary, this court believes that the turnover claim in the Complaint, to collect on a disputed indebtedness under the Notes, "do[es] not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E)," absent a judgment or stipulation resolving the dispute

as to the indebtedness.[15]  Thus, the turnover claim, as brought, is not a core claim that the Bankruptcy Court can finally adjudicate, absent the consent of all parties.

### IV. JURY TRIAL RIGHTS AND DEMAND

Pursuant to 28 U.S.C. § 157(e), if a litigant has the right to a jury trial under applicable non-bankruptcy law, a bankruptcy court may conduct the jury trial only if: (a) the matters to be finally adjudicated fall within the scope of bankruptcy subject matter jurisdiction; (b) the district court of which the bankruptcy court is a unit authorizes the bankruptcy court to do so; and (c) all of the parties consent.[16]

Starting first with whether a right to a jury trial even exists, the Seventh Amendment, of course, provides a jury trial right in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to rights that were tried at law in the late 18th century English courts.[17] Suits "at law" refers to "suits in which legal rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized and equitable remedies were administered."[18] This analysis requires two steps: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature . . . [t]he second stage of this analysis" being "more important than the first."[19]

---

[15] *Satelco*, 58 B.R. at 789.
[16] "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (West 2019).
[17] *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999).
[18] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[19] *See Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (quoting *Granfinanciera*, 492 U.S. at 42).

It is well established that the act of filing a proof of claim can operate to deprive a creditor of a jury trial right, by subjecting a claim, that would otherwise sound only in law, to the equitable claims allowance process.[20] Thus, if both of HCMFA-Defendant's proofs of claims were *pending*, it would have consented to the Bankruptcy Court's equitable jurisdiction and waived its right to a jury trial as to the subject matter of the *pending* proofs of claim.[21] However, as earlier noted, prior to the commencement of this Adversary Proceeding on November 9, 2021, HCMFA-Defendant had both of its proofs of claim disallowed on October 9, 2020. The pending trial over the administrative expense claim sought by HCMFA-Defendant is separate from the collection under the Notes. Without a pending claim related to the Notes, the breach of contract claims is precisely the kind of action that would sound in law rather than in equity. By not having a filed proof of claim related to the Notes, HCMFA-Defendant never subjected the Notes to the claims allowance process of the Bankruptcy Court and preserved its right to a jury trial on the Notes.[22]

To reiterate, HCMFA-Defendant's remaining administrative expense claim is not directly related to the collection on the Notes, and it has not otherwise consented to the jurisdiction of the Bankruptcy Court for claims related to the Notes. HCMFA-Defendant has also not consented to the Bankruptcy Court conducting a jury trial pursuant to 11 U.S.C. § 157(e).

In summary, HCMFA-Defendant's lack of waiver of its jury trial rights, expressly or impliedly, is further reason why the Bankruptcy Court does not believe it can finally adjudicate the claims in the Adversary Proceeding.

---

[20] *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).
[21] *Id.*
[22] *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) ("[T]he successful withdrawal of a claim pursuant to Fed. R. Bankr. P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves parties as if the claim had never been brought."); *In re Goldblatt's Bargain Stores, Inc.*, No. 05 C 03840, 2005 WL 8179250, at *5 (N.D. Ill. Dec. 6, 2005) (claims withdrawn before adversary proceeding are as if never filed); *see generally, In re Manchester, Inc.*, No. 08-30703-11-BJH, 2008 WL 5273289, at *3-6 (Bankr. N.D. Tex. Dec. 19, 2008) (permissible to withdraw a claim to preserve jury trial right).

## V.    RECOMMENDATION

In light of: (a) the noncore, related-to claims in the Complaint; (b) the lack of a proof of claim or any other claim related to the Notes asserted by HCMFA-Defendant; and (c) the lack of any other consent by HCMFA-Defendant to the equitable jurisdiction of the Bankruptcy Court related to the Notes, the Bankruptcy Court recommends the District Court: refer all pre-trial matters to the Bankruptcy Court, and grant the Motion upon certification by the Bankruptcy Court that the parties are trial-ready.

With regard to such pretrial matters, the Bankruptcy Court further recommends that, to the extent a dispositive motion is brought that the Bankruptcy Court determines should be granted and would finally dispose of claims in this Adversary Proceeding, the Bankruptcy Court should submit a report and recommendation to the District Court for the District Court to adopt or reject.

***END OF REPORT AND RECOMMENDATION***