Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re** § | | |
| § | **Case No. 19-34054-sgj11** | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | **Chapter 11** | |
| § | | |
| Debtor. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § | | |
| § | | |
| Plaintiff, § | | |
| § | **Adversary No. 21-03082** | |
| v. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.** § § § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S NOTICE OF DEPOSITION
OF THE CORPORATE REPRESENTATIVE OF
HIGHLAND CAPITAL MANAGEMENT, L.P.**

TO: Highland Capital Management, L.P., through its counsel of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy, Ste. 106, Dallas, Texas 75231.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Bankruptcy Procedure 7030(b)(6), Defendant Highland Capital Management Fund Advisors, L.P. ("Defendant" or "HCMFA") will take the oral deposition of the corporate representative(s) of Debtor Highland

Capital Management, L.P. ("Debtor" or "Highland Capital") in connection with the above-referenced adversary proceeding on May 3, 2022, at 10:00 cst/11:00 est.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition. Parties who wish to participate in the deposition should contact Deborah Deitsch-Perez at deborah.deitschperez@stinson.com no fewer than 48 hours before the start of the deposition for more information regarding participating in this deposition remotely.

Debtor is required to designate one or more individuals to testify on its behalf on each of the topics set forth in the attached Exhibit A.

Dated: April 27, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Telecopier: (214) 560-2203
Email:  deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT**
**HIGHLAND CAPITAL MANAGEMENT**
**FUND ADVISORS, L.P.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 27, 2022, a true and correct copy of the foregoing document was served electronically on counsel for Plaintiff:

Zachery Z. Annable
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
Email: zannable@haywardfirm.com

>                           */s/Deborah Deitsch-Perez*
>                           Deborah Deitsch-Perez

# EXHIBIT A
# DEFINITIONS

1. The term "Complaint" shall mean the Complaint filed on or about November 9, 2021 in the above-captioned adversary proceeding.

2. The term "Answer" shall mean and refer to the Answer filed by Defendant in the above-captioned adversary proceeding on December 10, 2021.

3. The term "Notes" shall mean and refer to the promissory notes at issue in the Complaint.

4. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

**EXAMINATION TOPICS**

1. All claims asserted by Highland Capital against Defendant in the above-captioned adversary proceeding.

2. All damages sought by Highland Capital against Defendant, including how those damages were computed.

3. All negotiations or communications related to the execution and/or the terms of the Notes.

4. The identity of all individuals involved in negotiations or communications related to the execution and/or the terms of the Notes.

5. All oral agreements related to the Notes.

6. Any subsequent agreements or modifications related to the Notes, including, but not limited to, any agreements to not demand payment under the Notes.

7. Any defenses or affirmative defenses asserted by Defendant, including all facts and circumstances regarding such defenses and allegations.

8. The Defendant's alleged defaults under the Notes.

9. Any loans made by Highland Capital to any employees or officers that were forgivable in part or in whole.

10. Any loans made by Highland Capital to any employees or officers that were forgiven in part or in whole.

11. All compensation paid by Highland Capital to Jim Dondero or of which Highland Capital was aware and any agreements related to such compensation.

12. Any payments made on the Notes, including, the date of such payments and the amounts paid.

13. Any facts supporting Highland Capital's allegation that Dugaboy and/or Nancy Dondero were not authorized under the Limited Partnership to enter into the Alleged Agreement (referenced in paragraph 41 of the Answer).

14. Any documents related to the negotiation or execution of the Notes.

15. Highland Capital's responses to Plaintiff's First Set of Written Discovery.

16. Any agreements entered into by Highland Capital where Jim Dondero executed the agreement on behalf of Highland Capital and the counterparty.

17. Highland Capital's ownership interest (or any company related to Highland Captial) in any portfolio companies, including, but not limited to, Trussway, MGM and Cornerstone,

        including whether such interest is owned directly or indirectly, the purchase price of such interests, and what documents reflect such ownership interest.

18. Any sale or potential sale of any portfolio companies (or a portion of such portfolio companies) owned (wholly or partially) by Highland Capital (or any company related to Highland Capital), including, but not limited to, Trussway, MGM and Cornerstone, including the date of the sale, the buyer, the amount paid, the profit made by Highland Capital, and what documents reflect such sales or profit made by Highland Capital.

19. Any sale or potential sale of any interest in MGM owned (directly or indirectly) by Highland Capital (or any company related to Highland Capital) to Amazon, including the date of the sale, the interests transferred, the price paid for such interests, and the profit earned by Highland Capital on such sale.