PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | |
| Plaintiff, | § § § | Adv. Proc. No. 21-03082-sgj |
| vs. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § § § | Case No. 3:21-cv-00881-X |
| Defendant. | § § § | |

## DECLARATION OF DAVID KLOS IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT L.P.'S MOTION FOR SUMMARY JUDGMENT

I, David Klos, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1. I am the Chief Financial Officer ("CFO") of the reorganized Highland Capital Management, L.P. ("Highland" or "HCMLP"), and I submit this Declaration in support of *Highland Capital Management, L.P.'s Motion for Summary Judgment* in the above-referenced action (the "Motion"). This Declaration is based on my personal knowledge. I could and would testify to the facts and statements set forth herein if asked or required to do so.

2. I joined Highland in 2009 and served as Controller from 2017 to 2020 and Chief Accounting Officer from 2020 to February 2021. At all relevant times, I reported to Frank Waterhouse until he left the company in February 2021. I was appointed CFO in March 2021 following confirmation of Highland's Plan.[1]

**B.    The Notes**

3. In the ordinary course of business, Highland had (and continues to have) a regular practice of maintaining electronic copies of all promissory notes issued by any officer, employee, or corporate affiliate.

4. Attached as **Exhibit A** is a true and correct copy of a promissory note dated February 26, 2014, executed by Mr. James Dondero ("Mr. Dondero") on behalf of Highland Capital Management Fund Advisor, L.P. ("HCMFA"), as the maker, in the original principal amount of $4,000,000 in favor of Highland (the "2014 Note"). A copy of the 2014 Note was and is maintained in Highland's books and records in the ordinary course of business and was provided to PricewaterhouseCoopers ("PwC"), the long-standing outside auditors for HCMFA and HCMLP, in connection with its annual audits.

5. Attached as **Exhibit B** is a true and correct copy of a promissory note dated

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

February 26, 2016, executed by Mr. James Dondero ("Mr. Dondero") on behalf of Highland Capital Management Fund Advisor, L.P. ("HCMFA"), as the maker, in the original principal amount of $2,300,000 in favor of Highland (the "2016 Note" and together with the 2016 Note, and "Pre-2019 Notes"). A copy of the 2016 Note was and is maintained in Highland's books and records in the ordinary course of business and was provided to PwC in connection with its annual audits.

C. **Highland's Loan Summaries**

6. Highland's accounting group has a regular practice of creating and maintaining "loan summaries" in the ordinary course of business (the "Loan Summaries"). The Loan Summaries identify amounts owed to Highland under affiliate notes and are created by updating underlying schedules for activity and reconciling with Highland's general ledger. Exhibit 199 is an example of a Loan Summary. The Loan Summaries identify each obligor by reference to the "GL" number used in Highland's general ledger. *See* Ex. 199 (HCMS ("GL 14530"), HCMFA ("GL 14531"), NexPoint ("GL 14532"), HCRE ("GL 14533"), and Mr. Dondero ("GL 14565")).

7. The Loan Summaries were used in connection with the PwC audits and to support accounting entries and year-end balances in the ordinary course of Highland's business. For example, Exhibit 199 ties exactly into Exhibit 198, the "back up" to the "Due from affiliates" entry in the January 2021 MOR. Docket No. 2020.[2]

8. The 2014 Note is shown on the Loan Summary marked as Exhibit 199 as "HCMFA

---

[2] Colloquially, the Loan Summaries are the "back up" to the "back up." To illustrate, and working backwards, the January 2021 MOR reported that $152,538,000 was "Due from affiliates." Docket No. 2030 (balance sheet). Exhibit 198 is the "back up" to the January 2021 MOR and it shows that $152,537,622 was the "Total Due from Affiliates" (the January 2021 MOR rounded up to the nearest thousand). Exhibit 199, the Loan Summary, is the "back up" to the "back up," and is reconciled with Highland's general ledger. As can be seen, the Loan Summary specifies the outstanding principal amounts due under each Note. Interest on these Notes is accrued in a single account (general ledger account 14010).

"#2" and the 2016 Note is shown on the Loan Summary as "HCMFA #5." Ex. 199, Appx. at 3246.

9. The Pre-2019 Notes were identified on the Loan Summary as "HCMFA #2" and "HCMFA #5," respectively, because, in exchange for loans, HCMFA also issued (i) one note to Highland before issuing the 2014 Note, and (ii) two notes to Highland after issuing the 2014 but before issuing the 2016 Note (collectively, the "Paid Off Notes"). The Paid Off Notes were referred to on prior versions of Loan Summaries as "HCMFA #1," "HCMFA #3," and "HCMFA #4," respectively, but are not included on Exhibit 199 because HCMFA paid off all principal and interest due under the Paid Off Notes before the version of the Loan Summary marked as Exhibit 199 was created.

A. **The Application of Payments to the Obligations Under the Pre-2019 Notes**

10. By their plain and unambiguous terms, the Pre-2019 Notes were payable on demand. However, HCMFA was permitted to make "prepayments" under each of the Pre-2019 Notes; in other words, HCMFA had the right to pay down its obligations under the Pre-2019 Notes before Highland made a demand for payment. Section 3 sets forth HCMFA's agreement concerning the treatment of "prepayments" and provides:

> 3. Prepayment Allowed; Renegotiation Discretionary. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. **Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.**

**Exhibit A** ¶ 3; **Exhibit B** ¶ 3 (emphasis added).

11. After issuing the Pre-2019 Notes, HCMFA made certain payments against its obligations under the Pre-2019 Notes (collectively, the "Payments").

12. Bank statements showing the date and amount of each of the Payments are attached hereto as **Exhibits D through J**, respectively.

13. In accordance with section 3 of the Pre-2019 Notes, HCMLP's accounting group

applied the Payments first to unpaid accrued interest thereon, and then to unpaid principal[3].

14. Attached as **Exhibit C** is a document prepared by HCMLP's accounting group showing how each of the Payments made against the Pre-2019 Notes were applied.

15. I understand that HCMFA does not dispute the propriety of the application of the Payments to the obligations under each of the Pre-2019 Notes, as shown on **Exhibit C**. Exhibit 238, Appx. 5134-5147.

**B.     The Amounts Due and Owing Under the Pre-2019 Notes**

16. On April 15, 2019, Mr. Dondero signed the Acknowledgment Letter in which he agreed on behalf of HCMLP not to demand payment on amounts then owed by HCMFA prior to May 31, 2021. Exhibit 217, Appx. at 4990.[4] Highland received no consideration in exchange for agreement contained in the Acknowledgment Letter.

17. HCMLP's complied with Acknowledgment Letter in this regard and did not demand payment of the outstanding obligations due under the Pre-2019 Notes until June 2, 2021. *See* Complaint, Exhibit 4.

18. As of May 27, 2022, after giving effect to the Payments, the unpaid principal and

---

[3] There were three *de minimus* exceptions to this treatment. In June 2019 and October 2019, two Payments were applied entirely to principal on the 2014 Note. In each instance, the Payment occurred shortly after a separate Payment had been made and applied first to all accrued and outstanding interest and second to principal. As a result, in these two instances, *de minimus* accrued interest remained outstanding when the June and October 2019 Payments were made and applied entirely to principal. A separate payment on the 2016 Note in April 2017 was applied to interest first, then principal at the time of the Payment. However, following the application of the Payment, it was identified that the accrued interest should have been capitalized on the anniversary of the 2016 Note, so the loan schedule was updated to reflect the capitalization of the interest. The application of the Payment was unchanged, leaving interest in a "pre-paid" position until further interest accrued and exhausted the Prepayment. The combined effect of these exceptions is *de minimus* (cumulatively less than $650.00) with respect to total current outstanding principal and interest. Moreover, regardless of the application of the Payments, Highland always had the unquestionable and unfettered right to demand payment for all remaining amounts due and owing under the Pre-2019 Notes, subject only to the Acknowledgement Letter.

[4] In May 2019, HCMFA issued two other Notes to Highland in exchange for loans that are the subject of one of the adversary proceedings in the Main Notes Litigation. *See* Adv. Pro. No. 21-03004. Because those Notes were issued in May 2019, they were not subject to the Acknowledgment Letter.

accrued interest due under the 2014 Note is $2,151,130.84, and the unpaid principal and accrued interest due under the 2016 Note is $1,001,238.06.

19. I declare under penalty of perjury that the forgoing is true and correct.

Dated: May 27, 2022

                                                                                   */s/ David Klos*  
                                                                                    David Klos