

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 18, 2022

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., Plaintiff, | § § § | |
| vs. | § § | Adversary Proceeding No. 21-03082-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § | |
| Defendant. | § | |

## ORDER APPROVING STIPULATION CONCERNING RECORD
## WITH RESPECT TO PLAINTIFF'S SUMMARY JUDGMENT MOTION

Having considered the *Stipulation Concerning Record with Respect to Plaintiff's Summary*

___

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

*Judgment Motion* [Docket No. 56] (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit A**, filed by Highland Capital Management, L.P., the reorganized debtor and plaintiff ("Highland" or "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"), and Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant", and together with Highland, the "Parties"), **IT IS HEREBY ORDERED THAT:**

1. The Stipulation is **APPROVED**.

2. The Stipulation shall become effective immediately upon entry of this Order.

3. Consistent with the terms of the Stipulation, Highland has waived any objection to the timing and propriety of the Supplemental Production of documents, and the inclusion of such documents in HCMFA's Appendix in opposition to the Summary Judgment Motion.

4. Consistent with the terms of the Stipulation, HCMFA (A) has consented to Highland's inclusion of the following documents in a Reply Appendix to be filed in further support of the Summary Judgment Motion (together, the "Reply Documents"): (i) the Stipulation; (ii) Bankr. Docket No. 1179 (Highland's objection to Proof of Claim No. 188); (iii) Bankr. Docket No. 1502 (stipulation concerning Proof of Claim No. 188); (iv) Bankr. Docket No. 1510 (order concerning Proof of Claim No. 188); and (v) HCMFA's Rule 26 disclosures, and (B) has waived any objection to the timing and propriety of Highland's inclusion of the Reply Documents in a Reply Appendix, including without limitation any objection that Highland did not comply with Local District Court Rule 56.7 and/or Local Bankruptcy Rule 7056-1(g), as applicable.

5. The Court authorizes Highland to include the Reply Documents in the Reply Appendix and further authorizes Highland to file the Reply Appendix in support of the Summary Judgment Motion consistent with the Parties' agreement set forth in the Stipulation.

---

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Stipulation.

6.      The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of the Stipulation, subject to any objection to the Court's jurisdiction or core jurisdiction and subject to any motion for the withdrawal of the reference, with respect to which all parties reserve their rights, if any.

###End of Order###

# **<u>EXHIBIT A</u>**

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**STINSON LLP**
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Counsel for Highland Capital Management Fund Advisors, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>            Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>            Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>            Defendant. | Adversary Proceeding No.<br><br>21-03082-sgj |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**STIPULATION CONCERNING RECORD
WITH RESPECT TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**

This stipulation (the "<u>Stipulation</u>") is made and entered into by and between Highland Capital Management, L.P., as the reorganized debtor and the above-referenced plaintiff ("<u>Highland</u>" or "<u>Plaintiff</u>"), and Highland Capital Management Fund Advisors, L.P. ("<u>HCMFA</u>" or "<u>Defendant</u>", and together with Highland, the "<u>Parties</u>"), by and through their respective undersigned counsel.

**RECITALS**

WHEREAS, on October 16, 2019 (the "<u>Petition Date</u>"), Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "<u>Delaware Court</u>");

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case (the "<u>Bankruptcy Case</u>") to this Court;

WHEREAS, on January 22, 2021, Highland filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Bankr. Docket No. 1808] (the "<u>Plan</u>");

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "<u>Confirmation Order</u>") which confirmed Highland's Plan;

WHEREAS, on August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan). *See Notice of Occurrence of*

*Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700];

WHEREAS, on November 9, 2021, Highland commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against HCMFA by filing its complaint [Docket No. 1][2] (the "Complaint");

WHEREAS, the Court previously entered an *Order Approving Amended Stipulation Regarding Scheduling Order* in the Adversary Proceeding [Docket No. 18] (the "Amended Scheduling Order");

WHEREAS, pursuant to the Amended Scheduling Order, (a) fact discovery was to be completed by March 28, 2022, and (b) dispositive motions were to be filed by May 27, 2022;

WHEREAS, on May 27, 2022, Highland filed and served its *Motion for Summary Judgment* and supporting documents [Docket Nos. 45, 46, 47, and 48] (collectively, the "Summary Judgment Motion");

WHEREAS, Parties subsequently agreed that the deadline for HCMFA to oppose the Summary Judgment Motion would be extended to July 1, 2022, and Highland would file its reply by July 20, 2022;

WHEREAS, on July 1, 2022, HCMFA made a "supplemental production" of two (2) documents (the "Supplemental Production"), a proof of claim filed by James Dondero and a financial record that HCMFA contends was created in April 2022, after the close of discovery in this Adversary Proceeding;

WHEREAS, HCMFA relied on the Supplemental Production in opposing the Summary Judgment Motion, and included the documents in the Supplemental Production as part of its

---

[2] Refers to the docket number maintained in the Adversary Proceeding.

Appendix [*See* Docket No. 53, Exhibit 4D (Appx. 362-67), and 4E (Appx. 368-69)]; and

WHEREAS, Highland seeks to offer certain documents (described below) into evidence as part of its Reply in further support of its Summary Judgment Motion that were not included in the original Summary Judgment Motion, contending that such documents are needed to respond to the Supplemental Production;

WHEREAS, by agreeing to the terms and conditions set forth herein, the Parties desire to avoid motion practice concerning the propriety of HCMFA's Supplemental Production and the propriety of Highland's use in its Reply of documents not submitted with its Summary Judgment Motion.

NOW, THEREFORE, subject to the Court's approval, it is hereby stipulated and agreed that:

1.  Highland waives any objection to the timing and propriety of the Supplemental Production of documents, and the inclusion of such documents in HCMFA's Appendix in opposition to the Summary Judgment Motion.

2.  HCMFA (A) consents to Highland's inclusion of the following documents in a Reply Appendix to be filed in further support of the Summary Judgment Motion (together, the "Reply Documents"): (i) this Stipulation; (ii) Bankr. Docket No. 1179 (Highland's objection to Proof of Claim No. 188); (iii) Bankr. Docket No. 1502 (stipulation concerning Proof of Claim No. 188); (iv) Bankr. Docket No. 1510 (order concerning Proof of Claim No. 188); and (v) HCMFA's Rule 26 disclosures, and (B) waives any objection to the timing and propriety of Highland's inclusion of the Reply Documents in a Reply Appendix, including without limitation any objection that Highland did not comply with Local District Court Rule 56.7 and/or Local Bankruptcy Rule 7056-1(g), as applicable.

3. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

[*Remainder of Page Intentionally Blank*]

Dated: July 14, 2022.

        **STINSON LLP**

        */s/ Michael P. Aigen*
        Deborah Deitsch-Perez
        State Bar No. 24036072
        Michael P. Aigen
        State Bar No. 24012196
        3102 Oak Lawn Avenue, Suite 777
        Dallas, Texas 75219
        (214) 560-2201 telephone
        (214) 560-2203 facsimile

        *Counsel for Highland Capital Management Fund Advisors, L.P.*

        **- and -**

        **PACHULSKI STANG ZIEHL & JONES LLP**

        Jeffrey N. Pomerantz (CA Bar No. 143717)
        John A. Morris (NY Bar No. 266326)
        Gregory V. Demo (NY Bar No. 5371992)
        Hayley R. Winograd (NY Bar No. 5612569) 10100 Santa Monica Blvd., 13th Floor
        Los Angeles, CA 90067
        Telephone: (310) 277-6910
        Facsimile: (310) 201-0760
        E-mail: jpomerantz@pszjlaw.com
               jmorris@pszjlaw.com
               gdemo@pszjlaw.com
               hwinograd@pszjlaw.com

        **- and -**

          **HAYWARD PLLC**

          */s/ Zachery Z. Annable*
          Melissa S. Hayward
          Texas Bar No. 24044908
          MHayward@HaywardFirm.com
          Zachery Z. Annable
          Texas Bar No. 24053075
          ZAnnable@HaywardFirm.com
          10501 N. Central Expy, Ste. 106
          Dallas, Texas 75231
          Telephone: (972) 755-7100
          Facsimile: (972) 755-7110

          *Counsel for Highland Capital Management, L.P.*