PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § | |
| vs. | § § | Adv. Proc. No. 21-03082-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § | Case No. 3:21-cv-00881-X |
| Defendant. | § § § | |

## REPLY APPENDIX OF EXHIBITS IN SUPPORT OF HIGHLAND
## CAPITAL MANAGEMENT, L.P.'S MOTION FOR SUMMARY JUDGMENT

| Ex. | Description | Appx.# |
|-----|-------------|--------|
| 1. | Stipulation Concerning Record with Respect to Plaintiff's Summary Judgment Motion **(Docket No. 56)** | 1-8 |
| 2. | Debtor's Second Omnibus Objection to Certain (A) Claims to be Reclassified and (B) No Liability Claims **(Case No. 19-34054, Docket No. 1179)** | 9-26 |
| 3. | Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 138 and 188 Filed by James Dondero **(Case No. 19-34054, Docket No. 1502)** | 27-29 |
| 4. | Order Approving Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 138 and 188 Filed by James Dondero **(Case No. 19-34054, Docket No. 1510)** | 30-34 |
| 5. | Highland Capital Management Fund Advisors, L.P.'s Rule 26 Initial Disclosures | 35-45 |

Dated:  July 20, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 20, 2022, a true and correct copy of the foregoing Reply Appendix was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.


*/s/ Zachery Z. Annable*
Zachery Z. Annable

# EXHIBIT 1

Docket #0056 Date Filed: 7/14/2022

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**STINSON LLP**
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Counsel for Highland Capital Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § |
| | § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| Plaintiff, | § |
| | § Adversary Proceeding No. |
| vs. | § |
| | § 21-03082-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND | § |
| ADVISORS, L.P., | § |
| | § |
| Defendant. | § |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



1934054220714000000000001
**Reply Appx. 00002**

**STIPULATION CONCERNING RECORD**
**WITH RESPECT TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**

This stipulation (the "Stipulation") is made and entered into by and between Highland Capital Management, L.P., as the reorganized debtor and the above-referenced plaintiff ("Highland" or "Plaintiff"), and Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant", and together with Highland, the "Parties"), by and through their respective undersigned counsel.

**RECITALS**

WHEREAS, on October 16, 2019 (the "Petition Date"), Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court");

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case (the "Bankruptcy Case") to this Court;

WHEREAS, on January 22, 2021, Highland filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Bankr. Docket No. 1808] (the "Plan");

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed Highland's Plan;

WHEREAS, on August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan). *See Notice of Occurrence of*

**Reply Appx. 00003**

*Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700];

WHEREAS, on November 9, 2021, Highland commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against HCMFA by filing its complaint [Docket No. 1][2] (the "Complaint");

WHEREAS, the Court previously entered an *Order Approving Amended Stipulation Regarding Scheduling Order* in the Adversary Proceeding [Docket No. 18] (the "Amended Scheduling Order");

WHEREAS, pursuant to the Amended Scheduling Order, (a) fact discovery was to be completed by March 28, 2022, and (b) dispositive motions were to be filed by May 27, 2022;

WHEREAS, on May 27, 2022, Highland filed and served its *Motion for Summary Judgment* and supporting documents [Docket Nos. 45, 46, 47, and 48] (collectively, the "Summary Judgment Motion");

WHEREAS, Parties subsequently agreed that the deadline for HCMFA to oppose the Summary Judgment Motion would be extended to July 1, 2022, and Highland would file its reply by July 20, 2022;

WHEREAS, on July 1, 2022, HCMFA made a "supplemental production" of two (2) documents (the "Supplemental Production"), a proof of claim filed by James Dondero and a financial record that HCMFA contends was created in April 2022, after the close of discovery in this Adversary Proceeding;

WHEREAS, HCMFA relied on the Supplemental Production in opposing the Summary Judgment Motion, and included the documents in the Supplemental Production as part of its

---

[2] Refers to the docket number maintained in the Adversary Proceeding.

**Reply Appx. 00004**

Appendix [*See* Docket No. 53, Exhibit 4D (Appx. 362-67), and 4E (Appx. 368-69)]; and

WHEREAS, Highland seeks to offer certain documents (described below) into evidence as part of its Reply in further support of its Summary Judgment Motion that were not included in the original Summary Judgment Motion, contending that such documents are needed to respond to the Supplemental Production;

WHEREAS, by agreeing to the terms and conditions set forth herein, the Parties desire to avoid motion practice concerning the propriety of HCMFA's Supplemental Production and the propriety of Highland's use in its Reply of documents not submitted with its Summary Judgment Motion.

NOW, THEREFORE, subject to the Court's approval, it is hereby stipulated and agreed that:

1.      Highland waives any objection to the timing and propriety of the Supplemental Production of documents, and the inclusion of such documents in HCMFA's Appendix in opposition to the Summary Judgment Motion.

2.      HCMFA (A) consents to Highland's inclusion of the following documents in a Reply Appendix to be filed in further support of the Summary Judgment Motion (together, the "Reply Documents"): (i) this Stipulation; (ii) Bankr. Docket No. 1179 (Highland's objection to Proof of Claim No. 188); (iii) Bankr. Docket No. 1502 (stipulation concerning Proof of Claim No. 188); (iv) Bankr. Docket No. 1510 (order concerning Proof of Claim No. 188); and (v) HCMFA's Rule 26 disclosures, and (B) waives any objection to the timing and propriety of Highland's inclusion of the Reply Documents in a Reply Appendix, including without limitation any objection that Highland did not comply with Local District Court Rule 56.7 and/or Local Bankruptcy Rule 7056-1(g), as applicable.

4

**Reply Appx. 00005**

3.      The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

[*Remainder of Page Intentionally Blank*]

DOCS_NY:46108.4 36027/005

**Reply Appx. 00006**

Dated: July 14, 2022.

STINSON LLP

/s/ Michael P. Aigen
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

*Counsel for Highland Capital Management Fund Advisors, L.P.*

**- and -**

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100
Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

**- and -**

DOCS_NY:46108.4 36027/005

**Reply Appx. 00007**

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

DOCS_NY:46108.4 36027/005

**Reply Appx. 00008**

# EXHIBIT 2

**Reply Appx. 00009**

Docket #1179  Date Filed: 10/16/2020

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**DEBTOR'S SECOND OMNIBUS OBJECTION TO CERTAIN (A) CLAIMS TO BE
RECLASSIFIED AND (B) NO LIABILITY CLAIMS**

**\*\*\*CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR
NAMES AND CLAIMS IN THE SCHEDULES ATTACHED
TO THE PROPOSED ORDER ON THIS OBJECTION\*\*\*
A COPY OF YOUR CLAIM IS AVAILABLE ONLINE AT
HTTP://WWW.KCCLLC.NET/HCMLP/CREDITOR/SEARCH**

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



1934054201016000000000004
**Reply Appx. 00010**

**OR BY EMAIL REQUEST TO JONEILL@PSZJLAW.COM**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 14, 2020 AT 2:30 P.M. CENTRAL TIME.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON NOVEMBER 18, 2020 WHICH IS AT LEAST THIRTY-THREE (33) DAYS FROM THE DATE OF SERVICE HEREOF. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Highland Capital Management, L.P. (the "Debtor"), by and through its undersigned counsel, hereby files this omnibus objection (the "Objection"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) reclassifying the claim listed on **Schedule 1** to the Order (the "Reclassified Claim"), and (iii) disallowing certain no liability claims listed on **Schedule 2** to the Order (the "No Liability Claims," and together with the Reclassified Claim, the "Disputed Claims"). In support of this Objection, the Debtor respectfully represents as follows:

## I.    JURISDICTION

1.    The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the

DOCS_DE:230935.1 36027/002

**Reply Appx. 00011**

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## II. BACKGROUND

3. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

4. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee in the Delaware Court.

5. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to this Court [Docket No. 186].[2]

6. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

7. On March 2, 2020, the Court entered its *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 488] (the "Bar Date Order"). The Bar Date Order fixed April 8, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for any person or entity, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), to file proofs of claim against the Debtor (the "General Bar Date"). For Governmental Units, the Bar Date Order fixed the deadline to file proofs of claim as April 13, 2020 at 5:00 p.m. (prevailing Central Time). The Bar Date Order also set April 23, 2020 as the deadline to file claims for investors in funds managed by the

---

[2] All docket numbers refer to the docket maintained by this Court.

DOCS_DE:230935.1 36027/002

**Reply Appx. 00012**

Debtor (the "<u>Fund Investor Bar Date</u>").  The Debtor also sought and obtained the extended employee bar date of May 26, 2020 per the *Order Granting Debtor's Emergency Motion and Extending Bar Date Deadline for Employees to File Claims* [Docket No. 560].

8.    On March 3, 2020, the Debtor filed the *Notice of Bar Dates for Filing Claims* [Docket No. 498] (the "<u>Bar Date Notice</u>").  The Bar Date Notice was mailed to all known creditors and equity holders on March 5, 2020.  *See* Certificate of Service [Docket No. 530].

9.    The Debtor caused the Bar Date Notice to be published on two occasions each in *The New York Times* and *The Dallas Morning News*—once on March 12, 2020, and once on March 13, 2020.  *See Debtor's Notice of Affidavit of Publication of the Notice of Bar Dates for Filing Claims in The New York Times* [Docket No. 533] and *Debtor's Notice of Affidavit of Publication of the Notice of Bar Dates for Filing Claims in The Dallas Morning News* [Docket No. 534].

## The Claims Resolution Process

10.    In the ordinary course of business, the Debtor maintains books and records (the "<u>Books and Records</u>") that reflect, *inter alia*, the Debtor's liabilities and the amounts owed to its creditors.

11.    The Debtor's register of claims (the "<u>Claims Register</u>"), prepared and maintained by Kurtzman Carson Consultants LLC ("<u>KCC</u>")—the court-appointed notice and claims agent in this case—reflects that, as of the date of this Objection, 194 proofs of claim have been filed in the Debtor's chapter 11 case.

12.    The Debtor and its professionals have been reviewing and analyzing claims.  This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction, and/or reclassification.

DOCS_DE:230935.1 36027/002

**Reply Appx. 00013**

### III.    RELIEF REQUESTED

13.    The Debtor seeks entry of an order, pursuant to section 502 of the Bankruptcy
Code and Bankruptcy Rule 3007, (i) reclassifying the Reclassified Claim listed on Schedule 1 to
the Order so that it is a general unsecured claim and (ii) disallowing the No Liability Claims
listed on Schedule 2 to the Order.

### IV.    OBJECTIONS

14.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof
of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .
objects." 11 U.S.C. § 502(a).  A chapter 11 debtor has the duty to object to the allowance of any
claim that is improper.  11 U.S.C. §§ 704(a)(5), 1106(a)(1), 1107(a); *see also Int'l Yacht &
Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62
(11th Cir. 1991).

15.    As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of
claim constitutes *prima facie* evidence of the validity and amount of the claim under section
502(a) of the Bankruptcy Code.  *See In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998); *In re
Tex. Rangers Baseball Partners*, 10-43400 (DML), 2012 WL 4464550, at *2 (Bankr. N.D. Tex.
Sept. 25, 2012).  To receive the benefit of *prima fac*ie validity, however, "[i]t is elemental that a
proof of claim must assert facts or allegations . . . which would entitle the claimant to a
recovery."  *In re Heritage Org., L.L.C.*, 04-35574 (BJH), 2006 WL 6508477, at *8 (Bankr. N.D.
Tex. Jan. 27, 2006), *aff'd sub nom., Wilferth v. Faulkner*, 3:06 CV 510 K, 2006 WL 2913456
(N.D. Tex. Oct 11, 2006).  Additionally, a claimant's proof of claim is entitled to the
presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party
refutes "at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Am.*

5

**Reply Appx. 00014**

*Reit, Inc.*, 07-40308, 2008 WL 1771914, at *3 (Bankr. E.D. Tex. Apr. 15, 2008); *In re Starnes,* 231 B.R. 903, 912 (N.D. Tex. May 14, 2008). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

16. Section 502(b)(1) of the Bankruptcy Code requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

**The Disputed Claims Should Be Reclassified or Disallowed and Expunged**

17. For the reasons set forth below, the Disputed Claims are not enforceable and should be disallowed, expunged, or reduced as set forth herein.

A. Reclassified Claim

18. The Debtor has identified 1 proof of claim listed on Schedule 1 to the Order which should be reclassified so that it is a general unsecured claim. This claim asserts that a portion of the claim, $300.00, is entitled to priority under section 503(b)(9) of the Bankruptcy Code. A review of the claim indicates that the claim is for services provided to the Debtor and, therefore, is not entitled to priority under section 503(b)(9) of the Bankruptcy Code. The Debtor is requesting that the listed Reclassified Claim be reclassified so that it is a general unsecured claim. The Debtor reserves the right to object to the Reclassified Claim for any other reason.

B. No Liability Claims

19. The Debtor has identified 4 proofs of claim listed on Schedule 2 to the Order that can be characterized as "No Liability Claims"—*i.e.*, claims that erroneously assert a liability that is not reflected in the Debtor's books and records for the reasons stated on Schedule 2**.**

DOCS_DE:230935.1 36027/002

**Reply Appx. 00015**

## V.     RESPONSES TO OBJECTIONS

20.     To contest an objection, a claimant must file and serve a written response to this Objection (each, a "Response") so that it is received no later than **November 18, 2020 at 5:00 p.m. (Central Time)** (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the Northern District of Texas (Dallas Division), Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, TX 75242-1496 and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> **Pachulski Stang Ziehl & Jones LLP**
> Jeffrey N. Pomerantz
> Ira D. Kharasch
> James E. O'Neill
> Gregory V. Demo
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA  90067
> jpomerantz@pszjlaw.com
> ikharasch@pszjlaw.com
> joneill@pszjlaw.com
> gdemo@pszjlaw.com
>
> -and-
>
> **Hayward & Associates PLLC**
> Melissa S. Hayward
> Zachery Z. Annable
> 10501 N. Central Expy, Ste. 106
> Dallas, TX  75231
> mhayward@haywardfirm.com
> zannable@haywardfirm.com

21.     Every Response to this Objection must contain, at a minimum, the following information:

> i.     A caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the objection to which the Response is directed;

DOCS_DE:230935.1 36027/002

**Reply Appx. 00016**

      ii.      The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

     iii.      The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

     iv.      Any supporting documentation (to the extent it was not included with the proof of claim previously filed with the clerk of the Court or KCC) upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

      v.      The name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

22.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtor will present to the Court an appropriate order disallowing such claimant's claim, as set forth in **<u>Exhibit A</u>**, without further notice to the claimant.

## VI.    <u>REPLIES TO RESPONSES</u>

23.     Consistent with the Local Rules, the Debtor may, at its option, file and serve a reply to a Response by no later than 5:00 p.m. (prevailing Central Time) three (3) days prior to the hearing to consider the Objection.

## VII.   <u>SEPARATE CONTESTED MATTERS</u>

24.     To the extent that a Response is filed regarding any claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

DOCS_DE:230935.1 36027/002

**Reply Appx. 00017**

## VIII.    <u>RESERVATION OF RIGHTS</u>

25.    The Debtor hereby reserves the right to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims.  The Debtor also reserves the right to object in the future to any other claim filed by a claimant whose claim is subject to this Objection.

26.    Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtor may have to exercise rights of setoff against the holders of such claims.

## IX.    <u>NOTICE</u>

27.    Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) each of the claimants whose claim is subject to this Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## X.    <u>COMPLIANCE WITH LOCAL RULES</u>

28.    This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection.  The Debtor objects to no more than 100 proofs of claim herein. The Debtor has served notice of this Objection on those persons whose names appear in the signature blocks on the proofs of claim and in accordance with Bankruptcy Rule 7004.  Moreover, the Debtor has notified claimants that a copy of their claim may be obtained from the Debtor upon request. Accordingly, the Debtor submits that this Objection satisfies Local Rule 3007-2.

DOCS_DE:230935.1 36027/002

**Reply Appx. 00018**

WHEREFORE, the Debtor respectfully requests the entry of the proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested and granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

DOCS_DE:230935.1 36027/002

**Reply Appx. 00019**

Dated: October 16, 2020.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:     jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           gdemo@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

DOCS_DE:230935.1 36027/002

**Reply Appx. 00020**

## EXHIBIT A
**(Proposed Order)**

DOCS_DE:230935.1 36027/002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Debtor. | ) **Re: Docket No. ____** |
| | ) |

**ORDER SUSTAINING DEBTOR'S SECOND OMNIBUS OBJECTION TO CERTAIN
(A) CLAIMS TO BE RECLASSIFIED AND (B) NO LIABILITY CLAIMS**

Having considered the *Debtor's Second Omnibus Objection to Certain (A) Claims to be Reclassified and (B) No Liability Claims* (the "Objection"),[2] the claims listed on Schedules 1-2 attached hereto, any responses thereto, and the arguments of counsel, the Court finds that (i) notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; (ii) the Objection is a core proceeding under 28 U.S.C.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

DOCS_DE:230935.1 36027/002

**Reply Appx. 00022**

§ 157(b)(2); (iii) each holder of a claim listed on Schedules 1–2 attached hereto was properly and timely served with a copy of the Objection, the proposed form of this Order, the accompanying schedules, and the notice of hearing on the Objection; (iv) any entity known to have an interest in the claims subject to the Objection has been afforded reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and (v) the relief requested in the Objection is in the best interests of the Debtor's creditors, its estate, and other parties-in-interest. Accordingly, the Court finds and concludes that there is good and sufficient cause to grant the relief set forth in this Order.  It is therefore **ORDERED THAT:**

1. The Objection is **SUSTAINED** as set forth herein.

2. The Reclassified Claim listed on **<u>Schedule 1</u>** hereto is reclassified so that it is a general unsecured claim in its entirety with no portion of the claim entitled to priority. .

3. Each of the claims listed as a No Liability Claim on **<u>Schedule 2</u>** hereto is disallowed and expunged in its entirety.

4. The official claims register in the Debtor's chapter 11 case shall be modified in accordance with this Order.

5. The Debtor's rights to amend, modify, or supplement the Objection, to file additional objections to the Disputed Claims and any other claims (filed or not, including any other claims filed by holders of Disputed Claims), which may be asserted against the Debtor, and to seek further reduction of any claim to the extent such claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be overruled, the Debtor's rights to object on other stated grounds or any other grounds that the Debtor may discover are further preserved.

**Reply Appx. 00023**

6.      Each claim and the objections by the Debtor to such claim, as addressed in the Objection and set forth on **Schedule 1** and **Schedule 2** attached hereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   This Order shall be deemed a separate Order with respect to each claim.   Any stay of this Order pending appeal by any claimant whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.      The Debtor is authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

**###END OF ORDER###**

DOCS_DE:230935.1 36027/002

**Reply Appx. 00024**

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 1 - Reclassified Claim*

| Sequence No. | Claimant's Name | Claim No. to be Disallowed | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Crescent Research | 64 | 3/27/2020 | $ 300.00 | Claims is for services and not entitled to priority under 503(b)(9). | 6 |

Case 19-34054-sgj11 Doc 1179-1 Filed 10/16/20    Entered 10/16/20 15:31:02    Page 6 of 6

*Highland Capital Management, L.P.*
*Case No. 19-34054-sgj11*
*Schedule 2 - No liability on the Debtor's books and records*

| Sequence No. | Claimant's Name | Claim No. to be Disallowed | Date Filed | Claim Amount | Notes | Objection Page No. Reference |
|---|---|---|---|---|---|---|
| 1 | Hedgeye Risk Management, LLC | 48 | 3/18/2020 | $ 8,380.08 | Paid on 7/28/2020; check no. 1265898 | 7 |
| 2 | James D. Dondero | 138 | 4/8/2020 | Unliquidated | No liability on the Debtor's books and records; amounts asserted are against other entities | 7 |
| 3 | NexVest, LLC | 151 | 4/8/2020 | Unliquidated | No liability on the Debtor's books and records; no amount is asserted with respect to this claim | 7 |
| 4 | James D. Dondero | 188 | 5/26/2020 | Unliquidated | No liability on the Debtor's books and records; no claim asserted against the estate | 7 |

**Reply Appx. 00026**

# EXHIBIT 3

Docket #1502 Date Filed: 12/03/2020

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054 |
| | § | |
| | § | |
| Debtor. | § | Chapter 11 |

## STIPULATION AND AGREED ORDER AUTHORIZING WITHDRAWAL OF PROOFS OF CLAIM 138 AND 188 FILED BY JAMES DONDERO

This stipulation and agreed order is entered into between Highland Capital Management, L.P. (the "Debtor") and James Dondero ("Dondero"). The Debtor and Dondero are collectively referred to herein as the "Parties."

### RECITALS

**WHEREAS**, on April 8, 2020, Dondero filed proof of claim number 138 ("Claim 138").

**WHEREAS**, on May 26, 2020, Dondero filed proof of claim number 188 ("Claim 188", and collectively with Claim 138, the "Claims").

**WHEREAS**, on October 16, 2020, the Debtor filed *Debtor's Second Omnibus Objection to Certain (A) Claims to be Reclassified and (B) No Liability Claims* [Docket No. 1179] (the "Claim Objection"), which included an objection to the Claims.

**WHEREAS**, Dondero now desires to withdraw Claim 138 and Claim 188 with prejudice to refiling such proofs of claim.

### STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1934054201203000000000003

**Reply Appx. 00028**

1.    Claim 138 and Claim 188 filed by Dondero are hereby withdrawn with prejudice

to refiling such proofs of claim.

IT IS SO STIPULATED.

Dated: December 3, 2020


CONSENTED AND AGREED TO BY:


*/s/ Gregory V. Demo*                         */s/ Bryan C. Assink*
Jeffrey N. Pomerantz (CA Bar No.143717)    D. Michael Lynn
(*pro hac vice*)                              State Bar I.D. No. 12736500
Ira D. Kharasch (CA Bar No. 109084)          John Y. Bonds, III
(*pro hac vice*)                              State Bar I.D. No. 02589100
John A. Morris (NY Bar No. 266326)           Bryan C. Assink
(*pro hac vice*)                              State Bar I.D. No. 24089009
Gregory V. Demo (NY Bar No. 5371992)         BONDS ELLIS EPPICH SCHAFER JONES LLP
(*pro hac vice*)                              420 Throckmorton Street, Suite 1000
PACHULSKI STANG ZIEHL & JONES LLP            Fort Worth, Texas 76102
10100 Santa Monica Blvd., 13th Floor         (817) 405-6900 telephone
Los Angeles, CA 90067                        (817) 405-6902 facsimile
Telephone: (310) 277-6910                    Email: michael.lynn@bondsellis.com
Email:jpomerantz@pszjlaw.com                 Email: john@bondsellis.com
ikharasch@pszjlaw.com                        Email: bryan.assink@bondsellis.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com                            **ATTORNEYS FOR JAMES DONDERO**

and

Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
HAYWARD & ASSOCIATES PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor in
Possession*

**Reply Appx. 00029**

# EXHIBIT 4

Case 19-34054-sgj11 Doc 1510 Filed 12/04/20   Entered 12/04/20 11:15:13   Page 1 of 4

Docket #1510  Date Filed: 12/04/2020



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 4, 2020**

United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **Case No. 19-34054** |
| **L.P.,** | § | |
| | § | |
| Debtor. | § | **Chapter 11** |

---

### ORDER APPROVING STIPULATION AND AGREED ORDER AUTHORIZING
### WITHDRAWAL OF PROOFS OF CLAIM 138 AND 188 FILED BY JAMES DONDERO

Upon consideration of the *Stipulation and Agreed Order Authorizing Withdrawal of Proofs of Claim 138 and 188 filed by James Dondero* [Docket No. 1502] (the "Stipulation") between Highland Capital Management, L.P. (the "Debtor") and James Dondero ("Dondero") in the above-captioned case, it is **HEREBY ORDERED THAT**:

1.     The Stipulation, a copy of which is attached hereto as **Exhibit A**, is approved.

2.     The withdrawal of Claim 138 and Claim 188 with prejudice to refiling such proofs of claim is approved.

### ### END OF ORDER ###

---

1934054201204000000000003
**Reply Appx. 00031**

**<u>EXHIBIT A</u>**

**Reply Appx. 00032**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **Case No. 19-34054** |
| **L.P.,** | § | |
| | § | |
| Debtor. | § | **Chapter 11** |

### STIPULATION AND AGREED ORDER AUTHORIZING WITHDRAWAL
### OF PROOFS OF CLAIM 138 AND 188 FILED BY JAMES DONDERO

This stipulation and agreed order is entered into between Highland Capital Management, L.P. (the "Debtor") and James Dondero ("Dondero"). The Debtor and Dondero are collectively referred to herein as the "Parties."

### RECITALS

**WHEREAS**, on April 8, 2020, Dondero filed proof of claim number 138 ("Claim 138").

**WHEREAS**, on May 26, 2020, Dondero filed proof of claim number 188 ("Claim 188", and collectively with Claim 138, the "Claims").

**WHEREAS**, on October 16, 2020, the Debtor filed *Debtor's Second Omnibus Objection to Certain (A) Claims to be Reclassified and (B) No Liability Claims* [Docket No. 1179] (the "Claim Objection"), which included an objection to the Claims.

**WHEREAS**, Dondero now desires to withdraw Claim 138 and Claim 188 with prejudice to refiling such proofs of claim.

### STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

**Reply Appx. 00033**

1.     Claim 138 and Claim 188 filed by Dondero are hereby withdrawn with prejudice

to refiling such proofs of claim.

IT IS SO STIPULATED.

Dated: December 3, 2020


CONSENTED AND AGREED TO BY:


<table>
<tr><td>

*/s/ Gregory V. Demo*
Jeffrey N. Pomerantz (CA Bar No.143717)
(*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*pro hac vice*)
John A. Morris (NY Bar No. 266326)
(*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

</td><td>

*/s/ Bryan C. Assink*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

</td></tr>
</table>

and

Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
HAYWARD & ASSOCIATES PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor in
Possession*

**Reply Appx. 00034**

# EXHIBIT 5

Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital Management Fund Advisors, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | **Case No. 19-34054-sgj11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 21-03082** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,** | § | |
| | § | |
| Defendant. | § | |

## HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.'S RULE 26 INITIAL DISCLOSURES

TO:    Plaintiff Highland Capital Management, L.P., by and through its attorneys of record, John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, made applicable to this

proceeding through Rule 7026 of the Federal Rules of Bankruptcy Procedure, Defendant Highland

---

**Reply Appx. 00036**

Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant") makes the following initial disclosures to Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Debtor")[1].

1.      The names, and, if known, the addresses, and telephone numbers of individuals likely to have discoverable information, along with the subjects of that information are listed below. Defendant reserves the right to amend and/or supplement these disclosures.

**ANSWER:**

**James D. Dondero**
c/o Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
*Attorneys for Defendant*

Dondero may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the terms of the promissory notes, the drafting and execution of the notes, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the purpose and intent of the notes, the Debtor's prior use of forgivable loans, and Dondero's compensation from the Debtor during his employment.

**Highland Capital Management, L.P. and certain of its current employees**
c/o John Morris
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
*Attorneys for Plaintiff*

Debtor and certain of its current employees, including potentially Thomas Surgent, David Klos, and Kristen Hendrix, may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and Defendant's defenses to the allegations in the complaint, including the circumstances surrounding the execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, and Dondero's compensation from the Debtor during his employment.

---

[1] Defendant makes these disclosures subject in all respects to its Motion for Withdrawal of the Reference. Defendant does not waive, but instead hereby preserves, its right to a jury trial and all rights and requests for relief asserted in the motions. Defendant does not consent to the Bankruptcy Court determining this proceeding or entering final orders or judgments in this proceeding. Instead, Defendant requests that the reference be withdrawn and that the District Court adjudicate this proceeding.

**Reply Appx. 00037**

**Brian Collins, former employee of the Debtor**
Tel: 213-550-4538

As a former employee, he may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Amy Theriot, former employee of the Debtor**
Tel: 214-893-5352

As a former employee, she may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Mark Okada, former employee of the Debtor**
Tel: 975-989-1000

As a former employee, he may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Scott Ellington, former employee of the Debtor**
c/o Frances Smith
Ross & Smith PC
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

As a former employee, he may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Frank Waterhouse, former employee of the Debtor**
c/o Frances Smith
Ross & Smith PC
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

As a former employee, he may have knowledge regarding the promissory notes, the circumstances surrounding the execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**John Honis, employee of Rand Advisors**
Tel: 214-335-7969

As an employee of Rand Advisors, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**Jack Yang, former employee of the Debtor**
Tel: 646-387-2351

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**Paul Adkins, former employee of the Debtor**
Tel: +65 9728 0599

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**Pat Daugherty, former employee of the Debtor**
c/o Jason Kathman
Spencer Fane LLP
2200 Ross Avenue, Suite 4800
Dallas, TX 75201

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**Tim Lawler, former employee of the Debtor**
Tel: 847-305-3013

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.


**Appu Mundassery, former employee of the Debtor**

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.


**Mike Hurley, former employee of the Debtor**
Tel: 775-750-8921

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.


**Gibran Mahmud, former employee of the Debtor**
Tel: 972-740-0018

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.


**Louis Koven, former employee of the Debtor**
Tel: 213-704-0310

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.


**Mike Rossi, former employee of the Debtor**
Whitefish Tax & Consulting PC
309 Central Avenue, Suite 204
Whitefish, MT 59937
Tel:  214-668-6693

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**David Walls, former employee of the Debtor**
U.S. Small Business Administration
Dallas, Texas

As a former employee, he may have knowledge regarding the Debtor's prior use of forgivable loans.

**Nancy Dondero**
c/o Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219

She may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Melissa Schroth**
c/o Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219

She may have knowledge regarding the claims, defenses, and factual circumstances at issue in the Debtor's complaint and this adversary proceeding, including, without limitation, the promissory notes, the circumstances surrounding the preparation and/or execution of the notes and related transfers, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the Debtor's prior use of forgivable loans, compensation of Debtor employees, and Dondero's compensation from the Debtor during his employment.

**Todd Crawford**
**Tim Simpson**
**Maria Trinidad Salme "Trini" Garcia**
**Rinda Corbin**
**Jennifer Blumer**
Deloitte
2200 Ross Ave #1600
Dallas, TX 75201

Tel: 214-840-7000

These individuals may have knowledge related to the tax issues raised by the transactions at issue in this adversary proceeding, Mr. Dondero's compensation and Highland-related financial information generally.

2.      A copy or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

**ANSWER:** Defendant may have documents and communications related to the following matters in its possession, custody, or control that it may use to support its claims or defenses. The inclusion of a general category of documents below does not mean that specific documents necessarily exist or that Defendant has such documents in its possession, custody, or control.

1.      Documents and communications related to the allegations in the complaint and Defendant's defenses to the allegations in the complaint, including, without limitation, documents related to the terms of the promissory notes, the drafting and execution of the notes, the agreement of the Debtor to not collect on the notes upon fulfillment of conditions subsequent, the purpose and intent of the notes, the Debtor's prior use of forgivable loans, and Dondero's compensation from the Debtor during his employment.

2.      Documents related to Dondero's personal tax returns.

3.      Documents related to tax loan(s) made by the Debtor to Dondero and such tax amounts incurred related to federal partnership tax.

4.      Documents and/or communications related to Dondero's compensation during his employment at Highland.

5.      Any and all pleadings filed in this matter and the main bankruptcy case.

**Reply Appx. 00042**

3.      A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**

Defendant is not seeking actual damages at this time.

4.      For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**

No such insurance agreements known.

### <u>Reservation of Rights</u>

Defendant makes these disclosures subject in all respects to its Motion for Withdrawal of the Reference. Defendant does not waive, but hereby preserves, its right to a jury trial and all additional rights and relief available as asserted in its motion.

The Defendant's investigation is ongoing, and it reserves the right to further amend, modify and/or supplement these initial disclosures as provided in Federal Rule of Civil Procedure 26(e) if warranted and to the extent additional disclosures are not mooted or made redundant by information made known during the discovery process or in writing. In addition, the Defendant makes these initial disclosures without waiving but expressly preserving: (a) its right to a jury trial; (b) its right to have this proceeding determined by the District Court; (c) its right to object to the entry of any final orders or final judgments by the Bankruptcy Court in this proceeding; (d) the right to object to any discovery requests or to the admissibility of evidence on the grounds of privilege, work product, relevance, materiality, or any other proper ground; and (e) the right to object to the use of any information provided in or derived from these initial disclosures for any purpose in this action.

Dated: January 10, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Telecopier: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on January 10, 2022, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.


*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez