Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for Highland Capital Management Fund
Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Case No. 19-34054** |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Chapter 11** |
| § | | |
| Debtor. § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | **Adv. Proc. No. 21-03082-sgj** |
| vs. § | | |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT** § | | |
| **FUND ADVISORS, L.P.,** § | | |
| § | | |
| Defendant. § | | |
| § | | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED FORM OF JUDGMENT
AWARDING ATTORNEYS' FEES AND COSTS**

Plaintiff Highland Capital Management, L.P. ("Plaintiff") requests an excessive award of attorneys' fees and costs in its Notice of Attorneys' Fees Calculation and Backup Documentation (the "PSZJ Notice"), totaling $381,676.25.[1]  Specifically, 96% of Plaintiff's fees ($368,057.75) was billed by counsel at Pachulski, Stang, Ziehl & Jones ("PSZJ").

---

[1] Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79.

1

Defendant Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant"), objects to Plaintiff's proposed fee award. The Court should reject the proposed award and reduce any award by the amount of any fees (1) incurred in other cases, (2) for which Plaintiff fails to clearly indicate were incurred in this case, (3) that are excessive for the work performed, (4) for which PSZJ exercised no billing judgment, and (5) that exceed customary rates in Dallas, Texas.

## I.    STATEMENT OF FACTS

The HCMFA Notes permit their holders to only collect from the Maker "actual expenses of collection, all court costs and ***reasonable*** attorneys' fees and expenses incurred by the holder hereof [,]" as stated in the Court's Report and Recommendation (the "R&R"). R&R at 14 (emphasis added). The R&R proposes awarding judgment to Plaintiff on all the Notes, including "reasonable attorneys' fees" and costs. In a separate consolidated case involving the parties to this case (referred to herein as the "Separate Notes Case"), the Court recommended overruling the Defendants' objections to Plaintiff's proposed award of attorneys' fees[2] based on Plaintiff's documentation of such fees.[3]

## II.    ARGUMENTS AND OBJECTIONS

Courts generally determine reasonableness of an award of attorneys' fees based on the two-step lodestar method:

> Courts must apply a two-step method for determining a reasonable fee award. First, they calculate the lodestar, which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. In calculating the lodestar, the court should ***exclude all time that is excessive, duplicative, or inadequately documented***. Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors. The court must provide a reasonably specific explanation for all aspects of a fee determination.
>
> The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

---

[2] See, e.g., Case No. 21-03003-sgj, *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*, Dkt. 217.
[3] See, e.g., Case No. 21-03005-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 214.

2

attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016) (citations and internal marks omitted) (emphasis added); *see also In re Texans CUSO Inc. Grp., LLC*, 426 B.R. 194, 222–23 (Bankr. N.D. Tex. 2010) (citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

    A.    **The Court Cannot Award Entries That Fail to Clearly Indicate They Were Incurred in This Case.**

"When a plaintiff seeks to charge a defendant with its attorneys' fees, the plaintiff must prove that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recovery of such fees." *In re Mud King Products, Inc.*, 525 B.R. 43, 55 (Bankr. S.D. Tex. 2015) (internal marks omitted) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991)). Here, Plaintiff has not clearly shown that it incurred certain claimed fees while litigating against Defendant in this case. As an example, most of the fees on pages 87 to 89 of Plaintiff's documentation do not identify the defendant in the case for which the time was entered.

| Date | Initials | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 7/25/2022 | JAM | BL | Work on oral argument, including multiple revisions to deck (0.7). | 0.70 | $1,395.00 | $976.50 |
| 7/27/2022 | JAM | BL | Prepare for oral argument (1.6); e-mails w/ L. Canty, H. Winograd re: oral argument, deck (0.2); continued prep for oral argument (2.1); tel c. w/ L. Canty re: exhibits, slide deck (0.2); oral argument on motion for summary judgment (1.6); e-mail to T. Ellison, H. Winograd, M. Aigen re: slide deck (0.1); tel c. w/ J. Pomerantz re: hearing (0.2); tel c. w/ J. Seery re: hearing (0.3). | 6.30 | $1,395.00 | $8,788.50 |
| | | | **FEES TOTAL** | | | **$131,724.00** |
| EXPENSES | | | Reproduction/ Scan Copy | | | $19.90 |
| | | | **TOTAL FEES AND EXPENSES** | | | **$131,743.90** |

Only 14 of the approximately 100 entries on pages 87 to 89 identify HCMFA as a party, and none of the 14 entries specify that the time was entered for this HCMFA case rather than the Separate Notes Case (in which HCMFA is a party defendant), while other entries in the PSZJ Notice do indicate that they pertain to this particular case involving HCMFA rather than the Separate Notes Case.[4] The Court should not award entries that fail to clearly indicate they were incurred in this case.

---

[4] *See, e.g.*, Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79, at 12, 19, 24, 40, 46, 64, 73.

      **B.**      **The Court Cannot Award Excessive Fees for Drafting a Motion for Summary Judgment that was Substantively Identical to One From a Companion Adversary Proceeding.**

Plaintiff spent $104,817.00 in May of 2022 for drafting a motion for summary judgment.[5] Then, Plaintiff spent $90,894.50 in July of 2022 for drafting a 15-page reply in support of that summary judgment motion.[6] Notably, Plaintiff's motion for summary judgment in this case (the "HCMFA MSJ") is ***substantially similar*** in both substance and form to Plaintiff's motion for summary judgment in the companion adversary proceedings (the "Notes MSJ", and together the "MSJs"). Specifically, the HCMFA MSJ arguments almost identically mirror those of the Notes MSJ arguments and utilize the same appendix.[7] Because both MSJs utilized the same framework and almost identical legal arguments, Plaintiff's attorneys should not benefit from duplicative billing when the HCMFA MSJ was effectually a "copy-and-paste" version of the Notes MSJ, save two insignificant additional arguments. Plaintiff's attorneys' fees are clearly excessive and should be reduced in any award given to Plaintiff.

      **C.**      **Plaintiff's Attorneys Exercised No Billing Judgment, and Therefore the Court Must Reduce the Award.**

"Billing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (citing *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir.1996)). "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off." *Id.* (citation omitted). "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Id.* (internal marks and citation omitted). Where no billing judgment is exercised, a reduction in the range of 10% to 20% is appropriate.

---

[5] Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79, at 64–67.
[6] Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79, at 87–89.
[7] Compare [*Plaintiff's*] *Memorand[a] of Law in Support of Motion for Partial Summary Judgment*, Case 21-03003-sgj [Dkt. 134], Case 21-03004-sgj [Dkt. 93], Case 21-03005-sgj [Dkt. 133], Case 21-03006-sgj [Dkt. 131], Case 21-03007-sgj [Dkt. 126], with [*Plaintiff's*] *Memorandum of Law in Support of Motion for Summary Judgment*, Case 21-03082-sgj [Dkt. 56] (making the same arguments for why the Court should not believe the Agreements defense and why Nancy Dondero did not have the capacity to enter into the Agreements).

*Id.* Here, Plaintiff exercised no billing judgment, therefore the Court should reduce the aggregate claimed amount in any award by 10% to 20%.

### D. Plaintiff's Attorneys Charged Rates Far in Excess of the Customary Rates in the Northern District of Texas.

The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (citations and internal marks omitted). Here, the relevant market is Dallas, Texas. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368–69 (5th Cir. 2002) (citation omitted). Here, Plaintiff offered no such affidavits.

Plaintiff's local counsel, Hayward PLLC, with its office in Dallas, Texas, charged $400.00 to $450.00 per hour. PSZJ, on the other hand, with its office in Los Angeles, California, and with its billing attorneys being licensed in California and New York, charged rates from $460 to **$1,445** per hour.

For example, the Fifth Circuit conducted a fee analysis where it did "not perceive [the case] to have been extraordinarily difficult[,]" and determined the type of matter "has been the subject of legal discourse for many years[.]" *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000). There, the Fifth Circuit held that the trial court's decision to cut the billing attorney's Washington D.C. rate in half to conform to Dallas rates was not an abuse of discretion. *Id.* Here, this breach of contract case is based on several Notes. This Court should follow the Fifth Circuit's example in *Hopwood* and reduce PSZJ's Los Angeles and New York rates by half to conform with Dallas rates.

There is no exception supporting an award using out-of-district rates here. "Courts have found the use of out-of-district prevailing rates proper where a case is transferred for the convenience of the parties and witnesses," and the party wishes to retain previously retained counsel from the initial district. *Midkiff v. Prudential Ins. Co. of Am.*, 571 F. Supp. 3d 660, 667 (W.D. Tex. 2021) (citations omitted). Here, the bankruptcy was originally filed in Delaware and transferred to the Northern District of Texas. Plaintiff's attorneys of PSZJ appear to be located in Los Angeles and New York. They also have not pled that their

5

out-of-district rates should apply. Plaintiff shows no reason to award fees at Los Angeles or New York rates.

Regarding similar issues in the Separate Notes Case, the Court ruled that "[t]his court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*," citing PSZJ's application for its fees in that case.[8] In PSZJ's application for fees in that case (that the Court relied on), regarding the "customary fee" *Johnson* factor, PSZJ stated that "[t]he hourly rates charged by each PSZ&J professional who performed services for the Debtor are PSZ&J's normal rates for services of this kind and are comparable to those being charged by other professionals with similar qualifications and experience."[9] Nowhere in the Court's order on the application, and nowhere in PSZJ's application, did either the Court or PSZJ make a representation as to or provide evidence of the prevailing rate in "the community in which the district court sits," Dallas, Texas, and therefore PSZJ's rates should be reduced in this case to meet Dallas rates. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002).

This Court also held in the Separate Notes Case that the fee was reasonable because Mr. Dondero hired PSZJ when he controlled Plaintiff. This fact, assuming it is true, clearly would support Plaintiff paying PSZJ's fees because it would be evidence that Plaintiff has agreed to pay such fees. However, any such fee agreement Mr. Dondero entered into on behalf of Plaintiff to pay PSZJ's fees did not bind Defendant to pay PSZJ's fees. Plaintiff and Defendant are separate legal entities. Mr. Dondero's actions on behalf of each separate legal entity do not bind the other entity. The argument that Mr. Dondero's actions on behalf of Plaintiff should bind Defendant lacks authority, and is irrelevant under a *Johnson* analysis, and therefore should be disregarded.

---

[8] Case No. 21-03003-sgj, *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*, Dkt. 217, at 16.
[9] Case No. 19-34054-sgj11, *Summary of Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski, Stang, Ziehl & Jones LLP, as Counsel for the Debtor and Debtor in Possession, for the Period From October 16, 2019 through August 10, 2021*, Dkt. 2906, at 38.

Plaintiff recently filed an objection to Defendant's motion in the Separate Notes Case, where Plaintiff alleged that its rates are reasonable simply because the rates are similar to those of the law firm Sidley Austin.[10] Plaintiff still has provided the Court no "affidavits of other attorneys practicing [in Dallas]" that would show PSZJ's rates are customary in Dallas. *See Tollett v. City of Kemah*, 285 F.3d 357, 368–69 (5th Cir. 2002).

### III.    CONCLUSION

The Court should reject the proposed award and reduce any award by the amount of any fees (1) incurred in a different case than this one, (2) for which Plaintiff fails to clearly indicate were incurred in this case, (3) that are excessive for the work performed, (4) for which PSZJ exercised no billing judgment, and (5) that exceed customary rates in Dallas, Texas.

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email:deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for Highland Capital Management Fund Advisors, L.P.*

---

[10] Case No. 21-03003-sgj, *Highland Capital Management, L.P.'s Objection to Defendants' Motion for Leave to Supplement Their Argument Against Plaintiffs' Supplemented Notice of Attorneys' Fees*, Dkt. 221, at 5.

CORE/3522697.0002/178466791.1

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2022, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this adversary proceeding.

/s/ *Michael P. Aigen*
Michael P. Aigen